IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANTONIO DOLL,

    Plaintiff,

v.                                                CASE NO. 4:13-cv-646-RH-GRJ

MICHAEL CREWS, SECRETARY,
FLORIDA DEPT. OF CORRECTIONS, et al.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Doc. 18, Plaintiff's *pro se* amended complaint pursuant to 42 U.S.C. § 1983.  Plaintiff is a prisoner currently confined at Jackson Correctional Institution ("C.I.")  Plaintiff was previously given leave to amend his complaint.  (Docs. 15, 17.)  This case is now before the Court for screening of the amended complaint pursuant to 28 U.S.C § 1915(e)(2).  After review, the undersigned recommends that the complaint be dismissed because it fails to state a claim.

### Plaintiff's Allegations

Plaintiff names three Defendants in this action: Michael Crews, Secretary of the Florida Department of Corrections ("D.O.C."); John Barfield, Warden of Jackson C.I.; and Heath Holland, Assistant Warden of Jackson C.I.

Plaintiff contends in his complaint that Defendant Secretary Crews "neglected to follow" a court order that corrected Plaintiff's sentence.  Plaintiff also alleges that Defendant Warden Barfield has failed to take notice of the trial court's sentencing order, despite his duty to abide by the sentencing order.  Plaintiff further alleges that

Defendant Holland also neglected to abide by the sentencing court's order.  Plaintiff alleges that these actions have resulted in his unlawful imprisonment in excess of his sentence.

Plaintiff brings claims for depriving him of equal treatment, violation of his due process rights, and for cruel and unusual punishment in violation of his constitutional rights.  For relief, Plaintiff requests one million dollars for each year that he has been imprisoned in excess of his sentence.

## Standard of Review

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.")

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Iqbal*).

## Discussion

There are two interrelated reasons why Plaintiff's complaint fails to state a claim. The first is that to the extent that Plaintiff is trying to challenge his detention, which he alleges is in excess of his sentence, his claim is not cognizable under § 1983. Plaintiff makes numerous claims that he is being falsely imprisoned, and that Defendants have failed to take notice and abide by the sentencing court's order. Where, as here, a prisoner challenges his imprisonment a § 1983 lawsuit is not an appropriate remedy. Rather, "[W]hen a prisoner is challenging the very fact or duration of his physical imprisonment . . . his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, to the extent that Plaintiff is challenging the fact or length of his detention, his claims are not properly raised in a civil rights complaint. Therefore, Plaintiff's claims are due to be dismissed.

Furthermore, the Court declines to treat this case as a petition for a writ of habeas corpus, because Plaintiff has already litigated various habeas corpus actions, and thus such a petition would likely be time-barred and successive. *See Doll v. Secretary*, Case No. 1:96-cv-1529-WDF (S.D. Fla. 6/6/1996) (dismissing habeas corpus case so that Plaintiff could exhaust state remedies); *Doll v. Secretary*, Case No. 1:96-cv-1591-WDF (S.D. Fla. 6/11/1996) (dismissing habeas corpus case as duplicative);

*Doll v. Department of Corrections*, Case No. 1:99-cv-1021-DLG (S.D. Fla. 4/12/99) (dismissing habeas corpus case as time barred).

The second reason that Plaintiff's complaint fails to state a claim is that to the extent Plaintiff is attempting to recover damages for his allegedly unlawful detention, he is barred by *Heck v. Humphrey*. Heck provides that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994.)

In this case, Plaintiff's complaint clearly implicates Heck, because he is seeking damages of one million dollars "for each year or the equivalent in months that Plaintiff has unlawfully suffered" in confinement. Plaintiff's contention that his confinement is in excess of his sentence and violates his constitutional rights necessarily implies the invalidity of the sentence he is presently serving. Plaintiff has presented no evidence that his conviction or sentence has been expunged or declared invalid, and absent expungement or invalidation of that conviction or sentence, Plaintiff's claims are barred by *Heck*.

## Conclusion

Based on the foregoing, it is respectfully **RECOMMENDED** that pursuant to 28 U.S.C § 1915(e)(2)(B), Plaintiff's claims should be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS**, at Gainesville, Florida, this 13th day of May 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**