IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ANTONIO DOLL,

    Plaintiff,

v.                                              CASE NO. 4:13cv646-RH/GRJ

MICHAEL CREWS, SECRETARY,
FLORIDA DEPT. OF CORRECTIONS,
et al.,

    Defendants.

_____/


## ORDER OF DISMISSAL

The plaintiff Antonio Doll filed this action under 42 U.S.C. § 1983 against the Secretary of the Florida Department of Corrections and others. The crux of Mr. Doll's complaint is that he was held—and is still being held—in the Department of Corrections, even though he has fully served his sentence.

The record does not include a full description of the state-court charges and sentence. But attachments to the first amended complaint, which are properly considered in determining whether the first amended complaint states a claim on which relief can be granted, show at least this much: in 1992, Mr. Doll was

sentenced to 30 years in the Department of Corrections on count 1, *see* ECF No. 18 at 18, and to 10 years in the Department of Corrections on count 3, *see* ECF No. 18 at 19.  The record seems to indicate the sentences were consecutive, not concurrent.  *See* ECF No. 18 at 16 (noting that an audit showed an incorrect application of time served "to the consecutive sentence").  The total sentence thus was at least 30 years, and probably 40; either way, the sentence, which was imposed 22 years ago, has not yet been served in full.

Mr. Doll's contrary contention is based on an order entered in 1994 that corrected the 1992 judgment by noting that the sentence on count 1 included a minimum mandatory term of 15 years.  *See* ECF No. 18 at 17.  Under Florida law, a minimum mandatory term is a term that must be served before any release; the minimum mandatory term may be, and often is, only part of the overall sentence.  *See* Fla. Stat. § 775.084(4)(a)-(k); *see also Clines v. State*, 912 So. 2d 550, 553 (Fla. 2005) ("Violent career criminals 'shall' be sentenced to lengthy minimum terms and may also be sentenced to even longer maximum terms, with no eligibility for discretionary early release.").  So with the 1994 correction, Mr. Doll's sentence on count 1 was 30 years, with a 15-year minimum mandatory.  Far from requiring a release before service of 30 years, the 1994 order kept in place the 30-year sentence, but prohibited release before service of 15 years.

Because the first amended complaint, together with the attachments, shows that Mr. Doll's claim is unfounded on the merits, the first amended complaint fails to state a claim on which relief can be granted. This order thus dismisses the complaint.

The procedural posture of the case also deserves mention. The case is before the court on the magistrate judge's report and recommendation, ECF No. 21, and the objections, ECF No. 22. The report and recommendation correctly concludes that the first amended complaint fails to state a claim on which relief can be granted, but its reasoning is different from that set out in this order, perhaps because, without the benefit of the objections, the magistrate judge had a different understanding of Mr. Doll's claim.

If, as the magistrate judge apparently concluded, Mr. Doll's claim was for release from custody, his sole remedy would be a petition for a writ of habeas corpus, as the report and recommendation correctly notes. The basis for such a petition would be 28 U.S.C. § 2254, if the challenge was to the state-court conviction or sentence, or 28 U.S.C. § 2241, if the claim was that Mr. Doll had finished serving the sentence and was being held not under any judgment but by a state official acting beyond the authority of any judgment. But the first amended complaint does not demand release from custody.

The first amended complaint instead demands a money judgment.  As the report and recommendation correctly notes, under the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), a state prisoner cannot properly pursue a § 1983 action that, if successful, necessarily would imply the invalidity of a state-court conviction or sentence.  But Mr. Doll does not challenge his conviction and sentence; his claim is that the sentence is valid but has been served in full.  This order assumes without deciding that a prisoner who was held beyond the expiration of the prisoner's sentence may pursue a § 1983 claim for damages against a person who knowingly brought about that result.  *Cf. Johnson v. Shaw*, 609 F.2d 124 (5th Cir. 1980) (remanding for further consideration a § 1983 claim arising from a prisoner's erroneous detention beyond his release date).  Mr. Doll's claim fails not because of *Heck*, but because the claim is wrong on the merits.

For these reasons,

IT IS ORDERED:

The report and recommendation is ACCEPTED and adopted as the court's further opinion.  The clerk must enter judgment stating, "The complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B)."  The clerk must close the file.

SO ORDERED on June 11, 2014.

s/Robert L. Hinkle<br>United States District Judge